UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMURE, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>CANOPY WORKS, INC., et al.,<br><br>   Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 24-cv-02592-NW (VKD)<br><br>**ORDER RE FEBRUARY 19, 2025 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 122 |

  Plaintiff Commure, Inc. ("Commure") and defendant Canopy Works, Inc. ("Canopy") ask the Court to resolve their dispute regarding Canopy's responses to Commure's Request for Production ("RFP") No. 41 and Interrogatory No. 1. Dkt. No. 122. The Court held a hearing on this matter on March 25, 2025. Dkt. No. 164.

  For the reasons explained below, the Court orders Canopy to respond to these discovery requests, as narrowed, by April 30, 2025, and orders further proceedings.

**I. BACKGROUND**

  In this action, Commure asserts several claims against Canopy, including claims that Canopy tortiously interfered with Commure's existing and prospective contractual relationships when it obtained Commure's confidential information and used that information to solicit Commure's existing and prospective customers. *See* Dkt. No. 20 ¶¶ 42-47, 77-94. Canopy asserts several counterclaims against Commure, including claims for trade secret misappropriation, breach of contract, and false advertising. *See* Dkt. No. 98. On February 1, 2025, Canopy filed a motion for a preliminary injunction, which Commure opposed. *See* Dkt. Nos. 101, 157.

For purposes of this discovery dispute, Commure asks for an order compelling Canopy to produce all emails and associated documents sent by four Canopy personnel—Anil Mitra, Scott McClung, Sean Cavanagh, or Shan Sinha—to Commure "sales prospects" on or around December 26, 2023, which is within the scope of RFP 41. Dkt. No. 122 at 1. In addition, Commure asks for an order requiring Canopy to describe all of Canopy's communications during the year following October 2023 with the same Commure "sales prospects," which is within the scope of Interrogatory No. 1. *Id*. For both RFP 41 and Interrogatory No. 1, Commure confirms that its "sales prospects" are the prospective customers listed in Exhibit D3. *See* Dkt. No. 164. It asks that Canopy be required to provide responsive documents and information within seven days. Dkt. No. 122 at 2.

Canopy's written objections and responses to RFP 41 and Interrogatory No. 1 are not attached to the parties' discovery dispute letter. However, the Court understands that Canopy does not dispute that these discovery requests, as narrowed, seek information that is relevant and proportional to the needs of the case. Rather, Canopy principally objects to Commure's demand that responsive documents and information be produced within seven days, arguing that such a demand is unduly burdensome and prejudicial to Canopy. *Id.* at 4-5.

## II.    DISCUSSION

As an initial matter, the Court is persuaded that the documents and information Commure seeks in RFP 41 and Interrogatory No. 1, as narrowed, are relevant to Commure's tortious interference claims. *See* Fed. R. Civ. P. 26(b)(1). This discovery is also proportional to the needs of the case, particularly where Commure has provided a defined, searchable list of prospective customers, and the communications at issue involve four custodians and a single day in December 2023 (RFP 41) and perhaps a few more custodians and a one-year period after October 2023 (Interrogatory No. 1). *Id.*

Considered in isolation, these discovery requests are not burdensome, and Commure's argument that Canopy has delayed too long in responding has some appeal. However, as discussed at the hearing, these discovery requests are only two among many outstanding discovery requests served by both sides. According to the parties, neither side has substantially completed

2

its document production, nor have they even reached agreement on the custodians whose files should be searched. And while the close of fact discovery is only two months away, the parties have not scheduled any depositions. In these circumstances, it is not entirely clear why Commure insists on obtaining discovery responsive to these particular requests—RFP 41 and Interrogatory No. 1—within seven days.

During the hearing, Commure argued that the specific discovery it seeks here is expected to be relevant to its "unclean hands" arguments opposing Canopy's pending motion for preliminary injunctive relief. *See* Dkt. No. 164; *see also* Dkt. No. 122 at 1. However, Commure does not explain how communications reflecting Canopy's misuse of *Commure's confidential information* concerning prospective customers will help Commure oppose Canopy's motion for a preliminary injunction against Commure's alleged misappropriation of *Canopy's trade secrets* or Commure's alleged *disparagement of Canopy* to customers. While the discovery sought in RFP 41 and Interrogatory No. 1 appears to be relevant to Commure's own claims and may be relevant to Commure's defense to the request for declaratory relief in Canopy's counterclaim, *see id.* at 3, Commure has not shown that this discovery bears on any matter at issue in the preliminary injunction proceedings. In short, the Court is not persuaded that there is any justification for requiring production of documents and information responsive to RFP 41 and Interrogatory No. 1 within seven days.

Nevertheless, the Court is concerned that Canopy (and perhaps also Commure) has not yet substantially completed its production of documents. Accordingly, the Court orders as follows:

1. Canopy must substantially complete its document production, including its production of documents responsive to RFP 41, as narrowed, no later than **April 30, 2025**.

2. If Commure has not substantially completed its document production, it also must do so no later than **April 30, 2025**.

3. Canopy must serve an amended answer to Interrogatory No. 1, as narrowed, no later than **April 30, 2025**. Canopy may rely on Rule 33(d), if appropriate, but must comply with the requirements of the Rule.

4. Canopy must include Anil Mitra as a custodian for all of Commure's document

1    requests, unless the parties agree otherwise.

2    5. The parties shall confer and agree on a plan for the completion of fact discovery by the
3       current deadline (May 27, 2025) or by such other deadline as may be set by the
4       presiding judge, including specifically: (1) the custodians whose files will be searched;
5       (2) resolution of any disagreements regarding the means for identifying responsive
6       documents; and (3) a schedule for the deposition of witnesses.

**IT IS SO ORDERED.**

Dated: March 26, 2025



Virginia K. DeMarchi
United States Magistrate Judge