UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMURE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CANOPY WORKS, INC., et al., <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | Case No. 24-cv-02592-NW (VKD) <br><br> **REDACTED** <br><br> **ORDER RE COUTERCLAIM-DEFENDANTS' MOTION TO STRIKE CANOPY'S TRADE SECRET IDENTIFICATION AND FOR STAY OF DISCOVERY** <br><br> Re: Dkt. No. 117 |

Plaintiff and counterclaim-defendant Commure, Inc. ("Commure") together with counterclaim-defendants Athelas, Inc., Tanay Tandon, and Dhruv Parthasarathy[1] move for an order striking defendant and counterclaim-plaintiff Canopy Works, Inc.'s ("Canopy") identification of trade secrets. Dkt. No. 117. In addition, Commure requests an order staying trade secret-related discovery until Canopy identifies its trade secrets as required by California Civil Code § 2109.210. *Id.* Canopy opposes the motion to strike and the request for a stay of discovery. Dkt. No. 140. The Court held a hearing on the matter on April 8, 2025. Dkt. Nos. 185, 197 (transcript).

Having considered the parties' submissions and arguments presented at the hearing, the Court grants Commure's motion in part and denies it in part.[2]

---

[1] For convenience, the Court refers to all counterclaim defendants collectively as "Commure."

[2] The Court will issue a separate order on the parties' respective associated sealing motions (Dkt. Nos. 116, 139, 176). Matters publicly disclosed in this order reflect information for which the Court has determined sealing is not warranted.

## I. BACKGROUND

Canopy alleges that it owns trade secret information relating to technology for protecting the safety of healthcare workers. *See* Dkt. No. 98 ¶¶ 2, 95-96, 109-110; Dkt. No. 140 at 2. For several years Canopy (and its predecessor company) and Commure (and its predecessor company) had a commercial relationship, pursuant to which Commure provided Canopy's Strongline® safety solution to customers in the healthcare industry. Dkt. No. 117 at 2. After Canopy terminated the parties' commercial relationship, Commure sued Canopy and related defendants asserting several claims under federal and state law. Dkt. Nos. 1, 20. Canopy filed counterclaims against Commure and others also asserting several claims under federal and state law, including claims charging misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA") and the federal Defense of Trade Secrets Act ("DTSA"). Dkt. Nos. 87, 98.

Canopy served a document identifying its trade secrets on January 30, 2025. Dkt. 118 ¶ 3, Ex. A. Commure challenges the sufficiency of this identification.

## II. LEGAL STANDARD

### A. CUTSA

California Code of Civil Procedure § 2019.210[3] provides that in an action alleging the misappropriation of trade secrets under the CUTSA, "before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code." Cal. C.C.P. § 2019.210. Section 3426.5 of the California Civil Code, in turn, permits a court to enter appropriate orders to preserve the confidentiality of an alleged trade secret. Cal. Civ. Code § 3426.5.

The "reasonable particularity" required by § 2019.210 should be viewed in light of the purposes of the statute:

---

[3] The Court agrees with the decisions in this District concluding that section 2019.210 properly may be applied and enforced in federal litigation. *See, e.g., Swarmify, Inc. v. Cloudfare, Inc.*, No. 17-cv-06957 WHA, 2018 WL 2445515, at *2 (N.D. Cal., May 31, 2018); *Loop AI Labs, Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2015 WL 9269758, at *3 (N.D. Cal., Dec. 21, 2015); *Soc. Apps, LLC v. Zynga, Inc.*, No. 11-cv-04910 YGR, 2012 WL 2203063, at *2-*3 (N.D. Cal. June 14, 2012).

2

> First, it promotes well-investigated claims and dissuades the filing of meritless trade secret complaints. Second, it prevents plaintiffs from using the discovery process as a means to obtain the defendant's trade secrets. Third, the rule assists the court in framing the appropriate scope of discovery and in determining whether plaintiff's discovery requests fall within that scope. Fourth, it enables defendants to form complete and well-reasoned defenses, ensuring that they need not wait until the eve of trial to effectively defend against charges of trade secret misappropriation.

*Advanced Modular Sputtering, Inc. v. Super. Ct.*, 132 Cal. App.4th 826, 833-34 (2005) (citation omitted); *see also Loop AI Labs Inc. v. Gatti*, 195 F. Supp. 3d 1107, 1112 (N.D. Cal. 2016) (same). Thus, a trade secret claimant is required "to identify or designate the trade secrets at issue with 'sufficient particularity' to limit the permissible scope of discovery by distinguishing the trade secrets 'from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade.'" *Advanced Modular*, 132 Cal. App. 4th at 835 (quoting *Imax Corp. v. Cinema Techs, Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998)). Even so, compliance with the particularity requirement "does not require the designation itself to detail how the trade secret differs from matters of general knowledge in the trade." *Gatan, Inc. v. Nion Co.*, No. 15-cv-01862-PJH, 2018 WL 2117379, at *2 (N.D Cal., May 8, 2018). "Instead, § 2019.210 'was intended to require the trade secret claimant to identify the alleged trade secret with adequate detail to allow the *defendant* to *investigate* how it might differ from matters already known and to allow the court to craft relevant discovery.'" *Id*. (quoting *Brescia v. Angelin*, 172 Cal. App. 4th 133, 147 (2009)).

"'Reasonable particularity' mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation." *Advanced Modular*, 132 Cal. App.4th at 835. "Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence." *Id*. at 835-36. Rather, "reasonable particularity" means that:

> the [claimant] must make some showing that is reasonable, i.e., fair, proper, just and rational[,] under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties'

3

<blockquote>
proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.
</blockquote>

*Id*. at 836 (citations omitted).

"The degree of 'particularity' that is 'reasonable' will differ, depending on the alleged trade secrets at issue in each case." *Id*. For example, where "the alleged trade secrets consist of incremental variations on, or advances in the state of the art in a highly specialized technical field, a more exacting level of particularity may be required to distinguish the alleged trade secrets from matters already known to persons skilled in that field." *Id*. However, "at this very preliminary stage of the litigation, the proponent of the alleged trade secret is not required, on pain of dismissal, to describe it with the greatest degree of particularity possible, or to reach such an exacting level of specificity that even its opponents are forced to agree the designation is adequate." *Id*. "What is required is not absolute precision, but 'reasonable particularity.'" *Id*.

In assessing the adequacy of a trade secret disclosure, "the designation should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward." *Brescia*, 172 Cal. App.4th at 149. A court "must exercise its sound discretion in determining how much disclosure is necessary to comply with section 2019.210 under the circumstances of the case." *Perlan Therapeutics, Inc. v. Super Ct.*, 178 Cal. App. 4th 1333, 1349 (2009).

**B.  DTSA**

The elements of a DTSA claim are substantially similar to the elements of a CUTSA claim. *InteliClear, LLC v. ETC Glob. Holdings, Inc.,* 978 F.3d 653, 657 (9th Cir. 2020). However, unlike the CUTSA, the DTSA does not require a trade secret claimant to disclose its alleged trade secrets with particularity before discovery about the trade secrets may proceed. *See Praecipio Consulting, LLC v. Howser,* No. 25-cv-02927-JST, 2025 WL 1084766, at *2 (N.D. Cal. Apr. 10, 2025); *Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-cv-08787-AMO (TSH), 2023 WL 4045234, at *1 (N.D. Cal. June 15, 2023) (discussing authority).

Nevertheless, for reasons of efficiency and the orderly conduct of discovery, a court may choose to require that a DTSA trade secret claimant comply with state law disclosure requirements,

4

or other disclosure requirements, before obtaining discovery of an adversary relating to those trade secrets. *See, e.g., Poynt Corp. v. Innowi, Inc.,* No. 18-cv-05814-BLF, 2019 WL 935499, at *3 (N.D. Cal. Feb. 26, 2019); *Quintara Biosciences, Inc. v. Ruifeng Biztech Inc.,* No. 20-cv-04808-WHA, 2021 WL 965349, at *1-2 (N.D. Cal. Mar. 13, 2021).

### III.  DISCUSSION

Commure challenges Canopy's trade secrets disclosure on several grounds. It argues that discovery relating to the alleged trade secrets should be stayed until Canopy serves a disclosure that complies with the requirements of California Code of Civil Procedure § 2019.210. As Canopy asserts claims under the CUTSA, as well as the DTSA, the Court considers first whether Canopy's disclosure complies with the requirements of § 2019.210. The Court next considers whether discovery should be stayed for any purpose.

#### A.  Canopy's Trade Secrets Disclosure

Commure moves to strike Canopy's trade secrets disclosure on the following grounds: (1) the alleged trade secrets have been voluntarily disclosed; (2) the efforts made to maintain the secrecy of the alleged trade secrets are not specified or are inadequate; (3) the disclosure does not describe how the alleged trade secrets have independent economic value; (4) the alleged trade secrets are not described with reasonable particularity; and (5) the disclosure does not sufficiently distinguish the alleged trade secrets from matters already in the public domain or known to persons in the relevant field.

##### 1.  Voluntary Disclosure

Commure's first objection is easily addressed. If, as Commure contends, Canopy claims designs, features, infrastructure, or processes that are already public and/or readily observable, then it will have difficulty sustaining its burden to prove that the purported trade secrets qualify for protection. But this is a question that goes to the *merits* of Canopy's claims. If an alleged trade secret is otherwise described with reasonable particularity, that is all that is required for purposes of discovery. *See Snapkeys, Ltd. v. Google LLC*, No. 19-cv-02658-LHK (VKD), 2020 WL 4260736, at *3 (N.D. Cal. July 23, 2020) (discussing possible consequences on the merits of failure to identify innovative, confidential aspect of purported trade secret). The Court denies

1   Commure's motion to strike on this ground.

### 2. Efforts to Maintain Secrecy and Independent Economic Value

Commure's second and third objections also are easily addressed. Canopy is not required to describe how each alleged trade secret has been the subject of reasonable efforts to maintain its secrecy, or how each derives independent economic value from not being known. While Canopy must show reasonable efforts to maintain secrecy of its alleged trade secrets and must also show that they derive economic value from not being known in order to prevail on the *merits*, a trade secret claimant is not required to disclose a description of either as a condition for obtaining discovery from an adversary. To the extent Commure relies on *Jobscience, Inc. v. CVPartners, Inc.*, No. 13-cv-04519 WHA, 2014 WL 852477 (N.D. Cal. Feb. 28, 2014), for the contrary proposition, it misconstrues Judge Alsup's decision in that case. *See Wisk Aero LLC v. Archer Aviation Inc.*, No. 21-cv-02450-WHO, 2021 WL 8820180, at *13 (N.D. Cal. Aug. 24, 2021) (explaining that *Jobscience* imposed certain additional disclosure requirements "as a matter of case management"). The Court denies Commure's motion to strike on these grounds.

### 3. Reasonable Particularity

Commure argues that Canopy's alleged trade secrets are not disclosed with reasonable particularity because Canopy relies on high level "concepts" and "categories of information," as well as "catch-all" language that does not clearly identify the boundaries of its trade secrets. *See* Dkt. No. 117 at 9-15. While Canopy maintains that its trade secrets are described with "exacting particularity," *see* Dkt. No. 140 at 11, it nevertheless notified the Court shortly before the hearing on Commure's motion to strike that it wished to clarify its disclosure to eliminate reliance on "catch-all" language. Dkt. No. 181. The Court agrees that the clarifications Canopy proposes are warranted. However, these clarifications do not address all points of disagreement regarding the sufficiency of Canopy's disclosures. The Court now addresses the remaining disputes.

#### a. General categories v. specific description

Commure objects that Canopy's disclosure describes many of the purported trade secrets at a high level of generality—e.g. "architecture," "infrastructure," "software configurations," "systems," "solutions," and "designs"—without specifically describing what aspects or features of

6

these items are Canopy's trade secrets. Canopy responds that its disclosure does not merely rely on general categories, and it observes that both parties' experts had no difficulty understanding the trade secrets themselves.

As discussed at the hearing, the difficulty with Canopy's disclosure is not that it relies *only* on generic, high-level descriptions, but rather that it is not always clear at what level of generality or specificity Canopy means to claim a particular trade secret. For example, trade secret 17 identifies ███████████████████████ The disclosure includes a description of the ████ features and functions, their purported advantages, and an assertion that the "trade secret information is reflected in the internal slide presentation by Canopy attached hereto as Exhibit 4." Dkt. No. 118, Ex. A at 19. However, it is not clear whether Canopy contends that the entire ████ is a trade secret, or only the specific features and functions described, or a combination of some or all of those features and functions. Moreover, to the extent Canopy intends to claim a *particular* ████████ it is not clear to the Court that the details of any such particular ████ are identified in trade secret 17.

As another example, trade secret 14 identifies ████████████ The disclosure refers to the overall design of a ████████████████ but also describes particular features and functions of ████ and how it ████████ with the ████████████ *Id.*, Ex. A at 15. The disclosure concludes with a similar reference to the design being "reflected in the internal slide presentation by Canopy attached hereto as Exhibit 4." *Id.*, Ex. A at 16. Here, again, it is not clear whether Canopy contends that the entirety of the ████ design is a trade secret, or only certain features and functions, or perhaps only the technical specifications that enable certain features and functions.

Given that under California law one objective of the trade secret disclosure requirement is to permit an adversary "to form complete and well-reasoned defenses" so that it may "effectively defend against charges of trade secret misappropriation," Canopy must amend its disclosure to make clear what its trade secrets are within the broader descriptions of its technology included in its trade secret disclosure. *See, e.g., Carl Zeiss X-Ray Microscopy, Inc. v. Sigray, Inc.*, No. 21-cv-01129-EJD (VKD), 2021 WL 5197215, at *3 (N.D. Cal. Nov. 9, 2021) (requiring amendment

1    where "disclosure as a whole contains so much additional material that it is difficult to discern the
2    boundaries of [claimant's] claims"); *Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-cv-00404-LHK
3    (VKD), 2019 WL 176261, at *4 (N.D. Cal. Jan. 10, 2019) (requiring disclosure of particular trade
4    secrets within broader categories).

### b.    Distinguished from matters known in the industry

Commure also contends that Canopy fails to describe its alleged trade secrets in a manner that distinguish them "'from matters of general knowledge in the trade or of special knowledge of those persons skilled in the trade.'" Dkt. No. 117 at 15 (quoting *Imax*, 152 F.3d at 1164). Specifically, Commure argues that many of Canopy's alleged trade secrets recite conventional techniques and widely-adopted standards in at least the following industries:  Internet-of-Things (IoT), computer networking, wireless communications, authentication, and cloud-based services. *Id.* at 15-22; *see also* Dkt. No. 177 at 5-6 (identifying specific examples of purportedly well-known technologies included in Canopy's disclosures).  Canopy responds that it is not required "prove" in its disclosure that its trade secrets are not generally known to others in the field.  Dkt. No. 140 at 14.  However, it emphasizes that many of its trade secrets reflect specific choices from among known options or specific combinations of characteristics or components, developed through extensive engineering efforts. *Id.* at 14-15.

Canopy is correct that its disclosure need not "detail how the trade secret differs from matters of general knowledge in the trade," but the disclosure should be sufficiently specific to permit Commure to "investigate how [the trade secret] might differ from matters already known and to allow the court to craft relevant discovery.'" *Gatan,* 2018 WL 2117379, at *2 (quoting *Brescia*, 172 Cal. App. 4th at 147).  In addition, to the extent Canopy contends its trade secrets are particular combinations of known designs, components, or techniques, it must take care to identify those combinations.  *See Carl Zeiss X-Ray Microscopy*, 2021 WL 5197215, at *4.

Thus, while Canopy is not required to describe its trade secrets in a manner that proves they are not known to others, if it contends that a particular trade secret does not merely implement an industry standard or conventional technique in well-known manner, it must describe the purported trade secret with sufficient particularity so that this distinction may be identified and

United States District Court
Northern District of California

investigated by Commure.

### B. Requested Stay of Discovery

Commure argues that the Court should stay discovery regarding Canopy's trade secret counterclaims until Canopy remedies the problems with its current trade secrets disclosure, even if such discovery overlaps with discovery relating to Canopy's breach of contract claim, lest Canopy be permitted to "circumvent" the protections of California state law. Dkt. No. 177 at 14. Canopy responds that discovery should not be stayed, at least as to Canopy's non-trade secret counterclaims and affirmative defenses. Dkt. No. 140 at 15-16.

The Court declines to stay discovery. While the Court will require Canopy to amend its trade secrets disclosure, the discovery-sequencing provisions of § 2019.210 apply only to trade secret-related discovery. The Court is not persuaded that Canopy should be prevented from obtaining discovery related to its other counterclaims and affirmative defenses, even if they happen to overlap with its trade secret misappropriation counterclaims. In any event, the Court discerns no clear line between discovery related exclusively to trade secrets and discovery related to other matters, such as Canopy's breach of contract counterclaim. *See* Dkt. No. 197 at 21:2-22:19 (describing trade secret and contract claims as "interwoven"). This case has been pending for almost a year, and the Court has no desire to invite disputes regarding whether discovery is "trade secret-related" or not. However, the Court will require Canopy to promptly amend its trade secrets disclosure to addressed the deficiencies noted above and to eliminate "catch-all" language.

## IV.  CONCLUSION

For the reasons explained above, the Court grants Commure's motion to strike in part. Canopy must re-examine its disclosures for trade secrets 11-12, 14-26, and 30-37, in view of Commure's objections and the Court's direction above, and must amend these disclosures to make clear what its trade secrets are within the broader descriptions of its technology included in the existing disclosure. Canopy must also amend its disclosure, as it indicated it would, to eliminate "catch-all" language. Canopy may amend its disclosure regarding its other alleged trade secrets,

///

///

but is not required to do so.  The Court denies Commure's motion to stay discovery.

**IT IS SO ORDERED.**

Dated: April 18, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge