UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMURE, INC.,<br><br>    Plaintiff,<br><br>   v.<br><br>CANOPY WORKS, INC., et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 24-cv-02592-NW (VKD)<br><br>**REDACTED**<br><br>**ORDER RE MARCH 17, 2025 DISCOVERY DISPUTE RE WORK PRODUCT PROTECTION**<br><br>Re: Dkt. No. 147-4 |

Defendant and counterclaim-plaintiff Canopy Works, Inc. ("Canopy") challenges plaintiff and counterclaim-defendant Commure, Inc.'s ("Commure") assertion of work product protection for a ████████████ Commure disclosed to a customer. Dkt. No. 147-4. The Court held a hearing on the matter on March 25, 2025. Dkt. No. 185; *see also* Dkt. No. 170 (transcript).

For the reasons explained below, the Court concludes that Commure has waived work product protection for the document at issue.[1]

**I.    BACKGROUND**

Pursuant to the parties' 2022 Reseller Agreement, Commure obtained from Canopy a non-exclusive license to sell and distribute the Strongline safety solution to customers in the healthcare industry. Dkt. No. 147-4 at 1; Dkt. No. 223 at 2. East Alabama Health Care Authority ("EAHCA") was one such customer. Dkt. No. 147-4 at 1, 4. Commure and EAHCA entered into

---

[1] The Court will issue a separate order on the associated sealing motion (Dkt. No. 147). Matters publicly disclosed in this order reflect information for which the Court has determined sealing is not warranted.

1   a subscription agreement in March 2022. *Id.* at 1.

2   In late 2023 Canopy advised Commure that it would not renew the reseller agreement and
3   that it intended to sell a safety solution directly to customers. *Id.* at 2; Dkt. No. 223 at 3. Shortly
4   thereafter, Commure announced that it would sell a competing safety solution. *Id*. at 2; Dkt. No.
5   223 at 3. In January 2024, Canopy terminated the reseller agreement, citing Commure's alleged
6   failure to make timely payments under the agreement. Dkt. No. 147-4 at 2; Dkt. No. 223 at 4.

7   On February 27, 2024, EAHCA notified Commure ▮▮▮▮▮▮▮▮▮▮
8   ▮▮▮▮▮▮▮▮▮▮ which was due to expire on February 29, 2024, and that ▮▮▮
9   ▮▮▮▮▮▮▮▮▮▮. Dkt. No. 147-4 at 2, 4-5; Dkt. No. 147-3 at 3. After receiving
10  this notification, Tanay Tandon, Commure's CEO, ▮▮▮▮▮▮▮▮▮▮
11  ▮▮▮▮▮▮▮▮▮▮
12  ▮▮▮▮▮▮▮▮▮▮
13  ▮▮▮▮▮▮▮▮▮▮
14  ▮▮▮▮▮▮▮▮▮▮ Dkt. No. 147-2. At the end of
15  his cover email to the EAHCA representatives, Mr. Tandon states: ▮▮▮▮▮▮
16  ▮▮▮▮▮▮▮▮▮▮
17  ▮▮▮▮▮▮▮▮▮▮ *Id.* at 1. The record does not reflect
18  whether or how EAHCA responded to this statement.

19  On April 30, 2024, Commure sued Canopy asserting several claims under federal and state
20  law. Dkt. No. 1. In November 2024, during discovery in this action, Commure subpoenaed
21  documents from EAHCA. Dkt. No. 147-4 at 2, 6. EAHCA's responsive document production
22  included the February 27, 2024 ▮▮▮▮▮▮ email. Commure promptly provided
23  EAHCA's documents to Canopy. *Id.* at 2-3. Neither EAHCA nor Commure redacted any of these
24  documents, designated them confidential, or provided a privilege log indicating the assertion of a
25  privilege or protection. *Id.* at 2, 3.

26  **II.    LEGAL STANDARD**

27  Rule 26(b)(3) shields from discovery documents that fall within the scope of the attorney
28  work product doctrine, unless certain exceptions apply. Fed. R. Civ. P. 26(b)(3). The attorney

work product doctrine protects from discovery materials that are prepared by or for a party or its representative in anticipation of litigation. *Id.* The doctrine provides qualified protection against discovery of the legal strategies and mental impressions of a party's counsel. *Hickman v. Taylor*, 329 U.S. 495, 508-10 (1947); *Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981). It does not protect facts from disclosure unless disclosure of those facts would inherently reveal an attorney's strategies or mental impressions. *See, e.g., O'Toole v. City of Antioch*, No. 11-cv-01502-PJH (MEJ), 2015 WL 1848134, at *3 (N.D. Cal. Apr. 14, 2015); *Hamilton v. RadioShack Corp.*, No. 11-cv-00888 LB, 2012 WL 2327191, at *4-5 (N.D. Cal. June 18, 2012). As the party asserting the attorney work product doctrine, Commure bears the burden of establishing that the protection applies. *See, e.g., United States v. Ruehle*, 583 F.3d 600, 607-608 (9th Cir. 2009); *Insight Global, LLC v. Beacon Hill Staffing Grp., LLC*, No. 17-cv-00309-BLF (VKD), 2018 WL 6573081, at *2 (N.D. Cal. Dec. 13, 2018).

The work product protection is not absolute and may be waived. *United States v. Nobles*, 422 U.S. 225, 239 (1975). Rule 502(b) of the Federal Rules of Evidence applies here and provides in relevant part:

> [T]he disclosure [of a communication or information covered by attorney-client privilege or work-product protection] does not operate as a waiver in a federal or state proceeding if:
>
> (1) the disclosure is inadvertent;
>
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
>
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b).

A voluntary disclosure of work product waives the protection where such disclosure is made to an adversary in litigation or where the disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)); *see also Nidec Corp. v. Victor Co. of*

3

1  *Japan*, 249 F.R.D. 575, 578, 580 (N.D. Cal. 2007). Work product protection may also be waived
2  by putting the protected work product at issue, such as by asserting claims that the opposing party
3  cannot adequately dispute unless it has access to that protected work product. *See Bittaker v.*
4  *Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156,
5  1162-63 (9th Cir. 1992).

   Even if the protection is not waived, work product may be discoverable if the materials
   meet the requirements of Rule 26(b)(1) and if the party seeking production shows a "substantial
   need for the materials to prepare its case and cannot, without undue hardship, obtain their
   substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A). Upon such a showing, a
   court must nevertheless "protect against disclosure of the mental impressions, conclusions,
   opinions, or legal theories of a party's attorney or other representative concerning the litigation."
   Fed. R. Civ. P. 26(b)(3)(B).

### III.  DISCUSSION

The parties agree that the ▮▮▮▮▮▮▮ prepared by Commure's General Counsel qualifies for work product protection.[2] *See* Dkt. No. 147-4 at 3, 5. Canopy does not argue that it has a substantial need for the communication disclosing that ▮▮▮ under Rule 26(b)(3)(A). The sole question is whether, by disclosing the ▮▮▮ to EAHCA, Commure voluntarily waived work product protection.

Commure asserts that the ▮▮▮▮▮ was provided at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 5. It contends that the ▮▮▮ was provided pursuant to a "robust confidentiality clause" in the EAHCA subscription agreement, or that at the very least, *Commure* had a reasonable expectation that EAHCA would keep the ▮▮▮ confidential. *Id.* at 4, 5, 6. In addition, Commure argues that it and EAHCA had business and legal interests in common and that the ▮▮▮▮▮▮ was shared in furtherance of those interests. *Id.* at 5.

Canopy responds that whatever work product protection may have attached to Mr. Brian's

---

[2] Commure does not contend that the communication from Mr. Brian to Mr. Tandon is protected by the attorney-client privilege. Dkt. No. 147-4 at 7; Dkt. No. 170 at 22:25-23:2.

1    ▮▮▮▮▮ was destroyed when Mr. Tandon forwarded the ▮▮▮ to EAHCA. *Id.* at 3.
2    Canopy argues that the relationship between Commure and EAHCA was an ordinary arms-length
3    commercial relationship, and that Commure disclosed the ▮▮▮▮▮ to EAHCA solely to
4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 2, 3. Canopy argues that
5    EAHCA had no legal obligation to maintain the ▮▮▮▮▮ in confidence. *Id.* at 3.

6        The Court agrees with Canopy that Commure waived work product protection for the
7    ▮▮▮▮▮ when Commure forwarded the ▮▮ to EAHCA. First, Commure's
8    disclosure of the ▮▮▮▮ to EAHCA was intentional, and not inadvertent. The
9    February 27, 2024 email exchanges attached to the parties' discovery dispute letter reflect that
10   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

12       Second, Commure did not take reasonable steps to protect its General Counsel's work
13   product. Commure's argument that EAHCA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—a
15   "common adversary"—is simply not supported by the record. There is no evidence suggesting
16   that EAHCA had any legal interest in common with Commure, and EAHCA had already
17   communicated ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ let alone a
18   *common* business interest.[3] While EAHCA ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19   nothing in the record suggested that EAHCA ▮▮▮▮▮▮▮▮▮. Moreover, while the
20   confidentiality provision in the subscription agreement may have been "robust," Commure has not
21   shown that the provision applied to the ▮▮▮▮▮ shared with EAHCA.[4] Indeed, Mr.
22   Tandon's cover email suggests that *Commure* did not expect the agreement to cover the sharing of
23   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

---

[3] As discussed during the hearing, Commure need not establish a "common interest" with EAHCA; it need only establish that the disclosure to EAHCA was made in a manner that did not substantially increase the opportunity for potentially adversaries to obtain the work product. *See Nidec Corp.*, 249 F.R.D. at 580.

[4] Commure did not include the confidentiality provision in its portion of the discovery dispute letter. It handed the Court a copy of the subscription agreement during the hearing on this matter. Dkt. No. 170 at 26:15-23.

1  ███████████████████████████████████████████████████████████████████████  There is no
2  evidence that EAHCA agreed to do so.  *See Finjan, Inc. v. SonicWall, Inc.,* No. 17-cv-04467-BLF
3  (VKD), 2020 WL 4192285, at *5 (N.D. Cal. July 21, 2020) (questioning whether "the mere habit
4  of Cisco's board observer and Finjan's inconsistent confidentiality marking, without more, are
5  sufficient to support Finjan's position that it disclosed the disputed materials to Cisco in a manner
6  that reasonably ensured they would be kept confidential and would not be shared with an
7  adversary"); *see also Lamartina v. VMware, Inc.,* No. 20-cv-02182-EJD (VKD), 2024 WL
8  3049450, at *3 (N.D. Cal. June 17, 2024) ("VMware concedes that it waived the attorney-client
9  privilege when . . . emails containing privileged communications about VMware's backlog
10 disclosure were forwarded to VMware's outside auditor at PwC.").
11      Third, Commure took no steps to have EAHCA return or destroy the ███████
12 or even to confirm it would treat the ███████ as confidential, even after EAHCA ██
13 ███████████████████████████████████████████████████████████████████  Commure appears to
14 have taken no other steps to protect the contents of its General Counsel's work product from
15 disclosure.
16      In short, Commure disclosed its General Counsel's ███████████ to a third party—█
17 ██████████████████████████████████████████████████████████████████████—in a
18 manner likely to substantially increase the opportunities for potential adversaries to obtain that
19 work product.  For this reason, the Court concludes that Commure has waived work product
20 protection for the ███████████ disclosed to EAHCA.  That waiver extends to the February
21 27, 2024 email exchange that includes the ███████████ shared with EAHCA, but not
22 beyond.

23 **IV.  CONCLUSION**
24      Commure must produce the document attached as Exhibit A to the discovery dispute letter
25 ///
26 ///
27 ///
28 ///

to Canopy without redactions by **May 13, 2025**.

**IT IS SO ORDERED.**

Dated: April 29, 2025

*[Signature]*
Virginia K. DeMarchi
United States Magistrate Judge