UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMURE, INC.,<br><br>          Plaintiff,<br><br>   v.<br><br>CANOPY WORKS, INC., et al.,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 24-cv-02592-NW (VKD)<br><br>**ORDER RE MAY 21, 2025 DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 268, 269, 270, 271, 272, 274, 275, 276 |

On May 21, 2025, the parties filed six discovery dispute letters. Dkt. Nos. 268, 270, 271, 272, 274, and 276.[1] The Court addressed all six disputes at a hearing on June 3, 2025. Dkt. No. 301. For the reasons discussed at the hearing, the Court resolves these disputes as follows:

**1.     Dkt. No. 268 – Canopy's technical documents**

Commure and Canopy must make the source code for the products at issue available for inspection by the other party no later than **June 17, 2025**.

---

[1] Canopy moves to seal portions of the discovery dispute letters regarding Commure's mergers and acquisition ("M&A") documents (Dkt. No. 269) and Commure's customer contracts (Dkt. No. 275). The motions are based on the ground that Commure claims the information is confidential. Commure states that sealing is required only for a narrower portion of the letter regarding the M&A documents, as reflected in Dkt. No. 287-2. Commure otherwise argues that the subject information in both letters is commercially sensitive information, the disclosure of which would harm Commure's commercial, competitive, and financial interests. Dkt. Nos. 287, 289. As these sealing motions relate to discovery matters, the good cause standard applies. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants the sealing motions. Redacted portions of the discovery letters regarding Commure's M&A documents (as narrowed by Commure, Dkt. No. 288) and Commure's customer contracts (Dkt. No. 269) shall remain under seal.

Canopy must produce to Commure all other responsive technical documentation sufficient to show the design, development, and implementation of its alleged trade secrets, including documentation from shared repositories, such as Notion and Google Drive, by **June 30, 2025**.

### 2. Dkt. No. 276 – Customer/reseller contracts

Commure must produce to Canopy all customer/reseller contracts for Strongline and Strongline Pro, and Canopy must produce to Commure all customer/reseller contracts for Canopy Protect, by **June 17, 2025**.

Commure must supplement its responses to Canopy's Interrogatories Nos. 12 and 18 by **June 30, 2025**.

### 3. Dkt. No. 270 – Commure's acquisitions of Strongline LLC, Athelas

Commure must produce communications and "deal room" documents responsive to Canopy's RFPs 3, 4, 7, 68, and 76 relating to diligence conducted in connection with Commure's acquisitions of Strongline LLC and Athelas by **June 30, 2025**. Commure must supplement its response to Canopy's Interrogatory No. 19 by **July 7, 2025**. Commure need not provide a further response to Canopy's Interrogatory No. 5.

### 4. Dkt. No. 274 – ESI custodians

The parties disagree about the number and identities of the custodians whose files must be searched for responsive ESI. In view of the discussion at the hearing, Canopy must search the files of the 8 custodians identified in footnote 2, page 3 of Dkt. No. 274. Commure must search the files of the 10 custodians identified in item 2, page 5 of Dkt. No. 274. In addition, Commure must search the files of the following additional custodians/sources:

(1) Strongline LLC email server: email accounts of Shan Sinha, Justin Green, and Phil Green;

(2) Don Miller;

(3) Patrick O'Neill;

(4) Chris Kuhns;

(5) the approximately 5 engineers whom Commure contends independently developed the disputed features/functions of Strongline Pro, for the period of time such

development work occurred.

As discussed at the hearing, to the extent Commure demonstrates that these additional custodians/sources yield responsive documents that are effectively duplicative of responsive documents from the sources Commure previously agreed to search, Commure may request a Court order shifting any unnecessary costs incurred to Canopy.

The Court is not persuaded that Canopy has provided an adequate justification for requiring Commure to conduct custodial searches of other individual custodians identified in the discovery dispute letter. The parties shall confer further regarding what relevant materials, if any, are maintained in Strongline LLC shared repositories (*see* Dkt. No. 274 at 4, item 9) and are not otherwise available from other, more readily accessible sources.

**5.    Dkt. No. 272 – Compliance with substantial completion deadline**

It appears from the parties' several discovery dispute letters and the discussion at the hearing that neither Commure nor Canopy substantially completed their respective document productions by April 30, 2025. The Court declines to sanction either party but instead encourages them to work diligently and cooperatively to complete their respective productions.

**6.    Dkt. No. 271 – Strongline Pro development documentation**

As discussed at the hearing, the parties' discovery dispute letter reflects that they did not confer in a good faith effort to reach a resolution of this dispute, as required by the undersigned's Standing Order for Civil Cases, and they have not presented the dispute in a form in which it can be resolved. The Court orders the parties to confer further and, if necessary, submit this dispute for resolution.

**IT IS SO ORDERED.**

Dated: June 5, 2025

Virginia K. DeMarchi
United States Magistrate Judge