UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| COMMURE, INC.,<br><br>        Plaintiff,<br><br>   v.<br><br>CANOPY WORKS, INC., et al.,<br><br>        Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. 24-cv-02592-NW (VKD)<br><br>**ORDER DENYING CANOPY WORKS' MOTION FOR SANCTIONS**<br><br>Re: Dkt. Nos. 90, 91, 281, 290 |

Defendant and counterclaimant Canopy Works, Inc. ("Canopy") moves for monetary sanctions of at least $125,141.09[1] based on the last-minute cancellation of the Rule 30(b)(6) deposition of Commure, Inc. ("Commure") and the individual deposition of its CEO, Tanay Tandon, who was also designated to testify as Commure's Rule 30(b)(6) representative. Dkt. Nos. 91, 112. Commure opposes the motion. Dkt. Nos. 103-105. Upon consideration of the moving and responding papers,[2] as well as the oral arguments presented, the Court denies Canopy's

---

[1] Canopy also seeks all additional fees and costs relating to the present motion and which were incurred after the filing of Canopy's opening brief and supporting papers. *See* Dkt. No. 91 at ECF 22-23.

[2] Months after briefing on the present motion for sanctions closed, both Commure and Canopy filed supplemental briefs and exhibits, with requests to seal some or all of those materials. Dkt. Nos. 281, 290. Neither Commure nor Canopy requested or obtained leave of court to file those materials. *See* Civil Local Rule 7-3(d). Accordingly, the Court strikes them from the record and has not considered them in resolving the present motion for sanctions. The parties' respective motions to seal these materials are denied as moot. The matters filed provisionally under seal (Dkt. Nos. 281, 290) shall remain under seal. *See* Civil L.R. 79-5(g).

motion for sanctions.[3]

Canopy's motion ostensibly concerns Commure's unilateral cancellation of its deposition and Mr. Tandon's individual deposition on the eve the scheduled deposition dates. At the hearing, Canopy confirmed that Commure's Rule 30(b)(6) deposition and Mr. Tandon's individual deposition were to be conducted on the same day—that is, a single day of deposition testimony from Mr. Tandon, part of which would be corporate testimony and part of which would be Mr. Tandon's individual testimony. Dkt. No. 320 (Transcr. at 4:23-5:5). The depositions were originally scheduled for September 20, 2024, but then re-scheduled for October 10, 2024. Dkt. No. 91 at ECF 12-13. On October 9, 2024, the day before the depositions date, Commure advised Canopy that Mr. Tandon was not feeling well and canceled the depositions. *Id.* at ECF 14; Dkt. No. 103 at ECF 12-13. The depositions were rescheduled for November 5, 2024. Dkt. No. 91 at ECF 14. On November 4, 2024, Commure advised Canopy that it had decided to withdraw its then-pending motion for preliminary injunction, and would not make Mr. Tandon available for the depositions. *Id.* at ECF 15. Canopy did not protest that it believed the depositions should proceed anyway; instead, Canopy demanded that Commure immediately file a notice withdrawing the pending preliminary injunction motion. Dkt. No. 103 at ECF 13. Commure filed the notice on the evening of November 4, 2024. *Id.*; Dkt. No. 79.

Rule 37(d) of the Federal Rules of Civil Procedure permits an award of sanctions, including payment of expenses, against a party who fails to appear for his own deposition after receiving proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i). Courts may impose any of the sanctions

---

[3] Canopy moves to seal portions of its motion for sanctions, as well as Exhibits 9 and 12-15 to Ms. Sutton's declaration, on the ground that Commure designated the subject information "Highly Confidential—Attorneys' Eyes Only." Dkt. No. 90. Commure responds that the subject information recites confidential business communications between Commure and one of its advisors, internal Commure communications, and communications between Commure and its customers regarding Commure's business dealings. Commure says that the public disclosure of this information could harm Commure's competitive standing. Dkt. No. 94. As the sealing motion concerns a motion for discovery-related sanctions, the Court applies the good cause standard. *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1098-99 (9th Cir.), *cert. denied sub nom FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016); *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Good cause appearing, the Court grants Canopy's sealing motion. Unredacted portions of the sanctions motion and Exhibits 9 and 12-15 to Ms. Sutton's declaration (Dkt. Nos. 90-3 through 90-8) shall remain under seal.

2

authorized under Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). Instead of, or in addition to, those sanctions, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*.

The circumstances presented in Canopy's motion do not support the imposition of sanctions for a failure to appear for deposition for the purposes of Rule 37(d). *See Estrada v. Rowland*, 69 F.3d 405, 406 (9th Cir. 1995) (endorsing strict construction of "failure to appear" to refer to circumstances where deponent literally fails to physically show up for a properly noticed deposition) (citations omitted). To be sure, a unilateral cancellation of a deposition may be tantamount to a sanctionable failure to appear for the deposition. *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993) ("Henry thus asks this court to hold that, even though he twice forced cancellation of his deposition by notifying Gill at the last minute that he would not appear, such conduct does not constitute a 'failure to appear' because Gill's counsel, instead of sitting in a conference room waiting for Henry not to arrive, attempted to reschedule the deposition. We reject the suggestion that an unreasonable refusal to be deposed must be met with an unreasonable refusal to reschedule in order to warrant sanctions under Rule 37.").

With respect to the October 10, 2024 depositions date, Canopy acknowledged that it would not have sought sanctions solely because Commure canceled the depositions the day before based on Mr. Tandon not feeling well. *See* Dkt. No. 112 at ECF 6; Dkt. No. 320 (Transcr. at 16:3-10). Canopy's principal argument is that, in view of this prior last-minute cancellation, Commure's second last-minute cancellation of the November 5, 2024 depositions constitutes sanctionable discovery misconduct. However, with respect to the November 5, 2024 depositions, Canopy did not object to Commure's withdrawal of its preliminary injunction motion or to the cancellation of the depositions. Indeed, the record reflects that when Canopy was advised of Commure's decision to withdraw its preliminary injunction motion, Canopy communicated to Commure a choice: "Please have Commure file a Notice of Withdrawal tonight *or* we will expect Mr. Tandon and Commure tomorrow at the time noticed for the depositions." Dkt. No. 105-9 (emphasis added). Commure opted for the first alternative and filed its notice of withdrawal. *See* Dkt. No. 79. There

3

1  is no indication that Canopy insisted that the depositions proceed anyway. In fact, at the motion
2  hearing, Canopy indicated that when Commure withdrew its preliminary injunction motion,
3  Canopy felt there was no basis to proceed with the depositions at that time. *See* Dkt. No. 320
4  (Transcr. at 12:3-13:11). While the timing of Commure's decision to withdraw its preliminary
5  injunction motion and cancel the depositions may raise questions about the merits of the motion
6  and/or Commure's litigation conduct, under these circumstances, the Court does not find that
7  sanctions are warranted under Rule 37(d) for "failure to appear" at a noticed deposition. *See*
8  *Hawk v. Bank2 & Dovenmuehle Mortgage, Inc.*, No. 3:15-cv-01374-PK, 2016 WL 6662742, at
9  *12 (D. Or. Oct. 19, 2016) ("It would be inappropriate to impose sanctions under Rule 37(d) in
10 connection with a party's failure to appear for deposition where it was objectively ambiguous
11 whether any party intended the deposition to go forward."). Nor can the Court readily discern
12 from the record presented what deposition preparation work by Canopy or its expert(s), if any,
13 cannot be repurposed when Mr. Tandon and Commure eventually are deposed.[4] *See Williams v.*
14 *Gyrus ACMI, LP*, No. 14-cv-00805-BLF, 2016 WL 6873484, at *3 (N.D. Cal. Nov. 22, 2016)
15 ("The Court does not award Defendants attorney's fees for the time incurred in preparing for
16 Williams' cancelled deposition because the preparation time was related to the deposition that
17 occurred at a later date.").
18     Canopy maintains, as its overall thesis, that Commure's withdrawal of its preliminary
19 injunction motion is part of a larger scheme by Commure to needlessly increase Canopy's
20 expenses in this litigation as a whole. *See, e.g.* Dkt. No. 91 at ECF 19. Insofar as Canopy seeks
21 sanctions concerning the merits of Commure's preliminary injunction motion or Commure's
22 overall conduct in this litigation, the Court is not persuaded that Canopy's motion for sanctions
23 presents a question concerning discovery misconduct that properly can be resolved by the
24 undersigned as a discovery matter.
25     Accordingly, Canopy's motion for Rule 37(d) sanctions for failure to appear for deposition
26 is denied.

---

[4] There appears to be no dispute that the depositions of Commure and Mr. Tandon will be conducted at some point in the time remaining for discovery.

4

Nevertheless, Commure acknowledged at the motion hearing that there may be some expenses incurred by Canopy that cannot be recouped and that, but for the timing of Commure's cancellation of the November 5, 2024 depositions, Canopy would not have incurred. At the motion hearing, Commure offered to pay, as a courtesy, any cancellation fees that Canopy may have incurred. *See* Dkt. No. 320 (Transcr. at 24:10-25:24). The parties are encouraged to confer about any such expenses that Canopy incurred in an effort to reach agreement on the reimbursement of any such expenses, as a courtesy, by Commure.

**IT IS SO ORDERED.**

Dated: June 18, 2025

Virginia K. DeMarchi
United States Magistrate Judge